

**ORDERED in the Southern District of Florida on April 4, 2025.**

_____

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re                                                  Case No.: 25-12677-MAM

Jeffrey Marc Siskind,                                  Chapter 13
dba Siskind Family Office,

      Debtor(s).

_____/

### ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING BANKRUPTCY CASE

The United States Bankruptcy Court for the Central District of California (the

"California Bankruptcy Court") entered an order dismissing a 2023 chapter 13 case

(Case No. 23-11720) filed by Jeffrey Siskind.[1] The California Dismissal Order

contained the following language:

      (1)     debtor's bankruptcy case is dismissed;

---

[1] ECF No. 114 in Case No. 23-11720 (Bankr. C.D. Cal.). The Court will refer to this order as the "California Dismissal Order" and Mr. Siskind's 2023 bankruptcy case as the "California Bankruptcy Case".

(2)     the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law; and

(3)     pursuant to Bankruptcy Code Section 349, debtor is prohibited from filing any new bankruptcy petition unless:

(a)     debtor files a motion to request permission to file a new bankruptcy case ("Motion"), and the Motion is supported by admissible evidence;

(b)     the Motion is served upon all creditors;

(c)     the Motion is set for hearing on regular notice; and

(d)     the court grants the Motion.

The California Dismissal Order prompted this Court to enter the *Order Directing Jeffrey Siskind to Show Cause Why This Case Should Not Be Dismissed for Bad Faith* (ECF No. 8) (the "Show Cause Order").

The Court held a hearing on April 1, 2025 at 11:00 a.m. (the "Show Cause Hearing"). At the Show Cause Hearing, Mr. Siskind explained that he did not comply with the California Bankruptcy Court because he understood the California Dismissal Order to apply only to bankruptcy cases filed in the Central District of California.

A. Interpretation of the California Dismissal Order

This Court does not read the California Dismissal Order so narrowly. The California Bankruptcy Court retained jurisdiction over Mr. Siskind's eligibility to be a bankruptcy debtor without stating a geographic or temporal limitation. The California Dismissal Order states that Mr. Siskind must obtain permission from the California Bankruptcy Court prior to filing a new bankruptcy case, which Mr. Siskind did not do.

To the extent that Mr. Siskind argues that the California Dismissal Order

2

covers only chapter 13 cases, not chapter 7 cases, the Court perceives no such limitation. If the California Bankruptcy Court intended to restrict operation of that order to only chapter 13 bankruptcy cases, it could have done so plainly in the text of the decretal paragraphs. It did not, and the Court will not infer this limitation from one short line of text near the signature line of the order.[2]

The record of the California Bankruptcy Case supports this Court's interpretation of the California Dismissal Order. About two weeks after entry of the Show Cause Order in this bankruptcy case,[3] Mr. Siskind belatedly filed an ex parte motion for clarification in the California Bankruptcy Case.[4] That motion sought expedited entry of an amended order with revised language reflecting a geographic limitation on the prohibition against filing a new bankruptcy petition.[5] The California Bankruptcy Court quickly denied the motion and declined to enter the proposed order submitted by Mr. Siskind.[6]

B. Residency Issues

Residency issues may become important if Mr. Siskind decides to refile bankruptcy after seeking leave of the California Bankruptcy Court. To facilitate the accuracy of information filed in two districts located on opposite sides of the United

---

[2] ECF No. 114, line entry above Clerk of Court signature ("Prohibition From Filing a Chapter 13 Case Without First Obtaining Order of The Court Authorizing Him to do so"). This reference appears to be an administrative notation, not part of the California Bankruptcy Court's official decree.

[3] Case No. 25-12677 in the Bankruptcy Court for the Southern District of Florida.

[4] ECF No. 129 in the California Bankruptcy Case.

[5] ECF No. 130 in the California Bankruptcy Case.

[6] ECF No. 131 in the California Bankruptcy Case.

States, the Court will briefly make a few additional observations in this Order.

Mr. Siskind filed his bankruptcy petition in the California Bankruptcy Court under penalty of perjury. As a basis for filing in California, Mr. Siskind represented that, as of March 23, 2023, he resided at 3183 Wilshire Boulevard in Los Angeles, California.[7] That sworn statement remains puzzling because, prior to his disbarment, Mr. Siskind routinely appeared in this Court without mentioning that California is (or was) his official place of residence.[8]

During the pendency of Mr. Siskind's California Bankruptcy Case, the Court entered an order denying Mr. Siskind's retention as debtor's counsel in another (unrelated) chapter 11 case in this district, Case No. 24-11774.[9] That order included an exhibit describing the Court's factual observations regarding Mr. Siskind's residency at that time.[10] Despite inconsistent information on Mr. Siskind's residency over recent years, the Court bases dismissal of Mr. Siskind's current bankruptcy case solely on Mr. Siskind's failure to comply with the California Dismissal Order.

The Court will dismiss this bankruptcy case as violative of the California Dismissal Order. The Court notes Mr. Siskind's representations regarding his confusion as to the scope of that order and makes no present findings of bad faith.

---

[7] ECF No. 1, p. 2 (Question 5 "Where you live") in the California Bankruptcy Case.

[8] Mr. Siskind was a chapter 11 debtor in this Court from 2013-2018. The Court dismissed that case with a six month prejudice period. ECF No. 816 in Case No. 13-13096. Over the past 14 years, he has appeared as counsel in 106 local bankruptcy cases.

[9] ECF No. 44, Case No. 24-11774 (Bankr. S.D. Fla.). Exhibit A to that order describes the Court's findings at that time regarding Mr. Siskind's residence.

[10] ECF No. 44 in Case No. 24-11774.

The Court ORDERS that:

1. The Show Cause Order (ECF No. 8) is DISCHARGED.

2. This bankruptcy case is DISMISSED.

3. All pending motions are DENIED as moot.

4. The Clerk of Court is DIRECTED to close this bankruptcy case.

###

Copy Furnished To:
All interested parties by the Clerk of Court.

Additional Service Parties:

Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414

**Case No. 23-bk-11720 (Bankr. C.D. Cal.)**
Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017